IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WENDY R. GAYMAN**, | Case No. 6:13-cv-0512-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

Richard F. McGinty, MCGINTY & BELCHER, ATTORNEYS, P.O. Box 12806, Salem, OR 97301. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, U.S. Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Wendy R. Gayman seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB"). For the following reasons, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings consistent with this opinion.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A.  Plaintiff's Application**

Plaintiff protectively filed an application for DIB on January 26, 2010, alleging disability beginning on May 11, 2009. AR 145. Plaintiff was born on April 5, 1975; she was 35 on the alleged disability onset date and is presently 39 years old. *Id*.

PAGE 2 – OPINION AND ORDER

Plaintiff's date last insured is December 31, 2014; thus she must establish disability on or before that date. AR 13. The Commissioner denied Plaintiff's application initially and upon reconsideration; thereafter, she requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* After an administrative hearing held on April 10, 2012, the ALJ ruled that Plaintiff is not disabled. AR 13-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities.

PAGE 3 – OPINION AND ORDER

>    20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.
>
> 3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.
>
> 4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

PAGE 4 – OPINION AND ORDER

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

### C. The ALJ's Decision

The ALJ applied the sequential analysis in his May 1, 2012 decision. AR14-24. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since her alleged disability onset date. AR 15. At step two, the ALJ determined that Plaintiff has the following severe impairments: (1) fibromyalgia; (2) degenerative disc disease of the cervical and lumbar spine; (3) chronic right shoulder pain; (4) obesity; (5) right ankle or foot fracture; (6) marijuana dependence; (7) depression; and (8) anxiety. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments. AR 16-17.

The ALJ next assessed Plaintiff's RFC. AR 18-23. The ALJ found that Plaintiff has an RFC to perform light work with the following limitations:

> she is limited to standing and walking about 2 hours in an 8 hour day; she should not work at unprotected heights or around heavy, moving machinery; she can perform occasional overhead reaching; she can occasionally climb, stoop, crouch, kneel and crawl; she is limited to simply, entry level work.

AR 18. In determining the RFC, the ALJ considered Plaintiff's daily living activities, medical records, work history, course of treatment, and opinion evidence. AR 18-23. The ALJ found Plaintiff's medically determinable impairments could result in "some limitations on work activity" but that "the evidence in the record reflects the claimant's functional limitations are not

PAGE 5 – OPINION AND ORDER

as significant and limiting as she alleges." AR 19. The ALJ concluded that the limitations caused by Plaintiff's medically determinable impairments are reflected in the RFC.

At step four, the ALJ found that Plaintiff's RFC precluded her from performing her past relevant work. AR 23. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and found that based on Plaintiff's age, education, work experience, and RFC, she could perform the requirements of representative occupations such as parking lot cashier, small products assembler, and paper sorter recycler. AR 24. The ALJ relied on the VE's testimony that these occupations have jobs available in significant numbers in the national economy. *Id.* Thus, the ALJ found Plaintiff not disabled as defined in the Social Security Act. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by (A) failing properly to consider the medical evidence of the State nonexamining consultants; and (B) that the additional evidence submitted to and considered by the Appeals Councils requires a finding of disability.

**A.  The ALJ's Consideration of the Medical Evidence of the State Agency Consultants**

State agency reviewing doctors are highly qualified experts in Social Security disability evaluations. 20 C.F.R. § 404.1527(e)(2)(i). An ALJ may not ignore the opinions of State agency medical and psychological consultants regarding the nature and severity of impairments and must explain the weight given to them. SSR 96–6P(1)–(2), *available at* 1996 WL 374180, at *1-2 (Jul. 2, 1996); *see also* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i) (because State agency medical and psychological consultants are highly qualified experts in Social Security disability evaluation, an ALJ must consider their findings as opinion evidence); *Sawyer v. Astrue*, 303 F. App'x 453, 455 (9th Cir. 2008).

Plaintiff argues that it can be inferred from a statement by the State agency psychological consultant that Plaintiff cannot work in a stressful environment and that the ALJ erred by failing

PAGE 6 – OPINION AND ORDER

to include any limitation relating to stress in the RFC. The Court notes that the statement relied upon by Plaintiff was not made by the State agency psychological consultant in assessing Plaintiff's mental limitations, but was made by the State agency medical consultant in assessing Plaintiff's physical limitations. The State medical consultant noted, in answering the question of why Plaintiff could not perform past relevant work as actually performed, that "[t]he occupations are both stressful and beyond the claimant's physical RFC." AR 78. The State medical consultant found some exertional limitations and ultimately concluded that Plaintiff was not disabled and could perform unskilled, sedentary work. AR 78-79.

The State agency psychological consultant, in evaluating Plaintiff's mental residual functional capacity, found Plaintiff to be moderately limited in attention and concentration, specifically finding that Plaintiff "is able to sustain work activity for normal work periods with scheduled rest periods, limited primarily by distraction from pain." AR 77. The State agency psychological consultant made no comment or finding relating to stress.

The Court does not agree with Plaintiff's contention that any State agency consultant found that Plaintiff was limited to jobs that are not stressful. The medical consultant evaluating Plaintiff's physical limitations found certain exertional limitations and concluded that Plaintiff should be limited to unskilled sedentary work, and the psychological consultant found only limitations in concentration and attention based on pain. Thus, the ALJ did not err by failing to include a limitation based on stress in the RFC.

Additionally, assuming, *arguendo*, that the State agency medical consultant had found that Plaintiff should be limited to jobs without a certain level of stress, the ALJ properly considered the opinions of the State agency consultants and accepted only those opinions supported by the record. The ALJ determined that although the opinion of the psychological

PAGE 7 – OPINION AND ORDER

consultant was somewhat vague, it warranted "some weight because it is generally consistent with the record as a whole, which shows some limitations due to pain and mental impairments." AR 21. The ALJ also considered the opinion of the medical consultant and gave it some weight, but rejected certain extertional limitations found by the medical consultant on the grounds that there is no evidence supporting those limitations in the record. The ALJ provided a thorough recitation of the evidence in the record supporting his RFC. Plaintiff points to no evidence in the record supporting any purported finding by the State medical consultant that Plaintiff has a limitation relating to stress.

Thus, if any State agency consultant had found such a limitation, the ALJ's failure to include such a limitation as being unsupported by the record evidence was supported by substantial evidence in the record. If the single statement by the State medical consultant could be considered evidence supporting a limitation based on stress, there is substantial evidence supporting the ALJ's RFC determination that does not include any limitation relating to stress and the Court will not weigh the evidence and second guess the conclusion by the ALJ. *See Burch*, 400 F.3d at 679 (holding that where the evidence supports multiple conclusions, including the ALJ's reasonable interpretation, the ALJ's interpretation must be upheld); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that even where the record evidence is somewhat equivocal, a court should not second-guess the ALJ's judgment when it is supported by substantial evidence).

## B.  New Evidence Submitted to the Appeals Council

After the ALJ issued his opinion finding Plaintiff not disabled, on July 4, 2012, she obtained a post-hearing psychological evaluation from David M. Freed, Ph.D. AR 617-22. Plaintiff submitted this additional evidence to the Appeals Council when she sought review of

the ALJ's decision. AR 615. The Appeals Council considered this new evidence in making its determination. AR 1.

Plaintiff argues that the addition of this evidence to the record renders the ALJ's determination that Plaintiff is not disabled no longer supported by substantial evidence and requires that the Court find Plaintiff disabled and remand for payment of benefits. The Commissioner argues that, considering the record as a whole, the new evidence does not change the fact that substantial evidence supports the ALJ's decision.

District courts must consider additional evidence submitted to the Appeals Council when the Appeals Council considers the new evidence in deciding whether to review a decision of the ALJ. *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The new evidence "becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Id.* A claimant need not show "good cause" or "materiality" for this evidence to be considered by the Court. *Id.* at 1162.

Because the Appeals Council considered Dr. Freed's report, the Court considers it as part of the record as a whole when evaluating whether the ALJ's determination is supported by substantial evidence. Dr. Freed administered numerous tests on Plaintiff. AR 620. Plaintiff's self-report based Beck Depression Inventory – Second Edition test result "fell in the severely depressed range." Her other tests indicated a "highly probable" diagnosis of Attention Deficit Hyperactivity Disorder ("ADHD") and a diagnosis of Bipolar Disorder. *Id.* Dr. Freed found her tests and demeanor did not indicate any concerns about malingering and that her test results are "believed to provide a generally accurate representation" of her ability level at the time of testing. AR 619-20. Dr. Freed's ultimate diagnostic impressions included Bipolar II Disorder,

PAGE 9 – OPINION AND ORDER

Post Traumatic Stress Disorder, ADHD, and recurrent depressive and anxious symptoms. AR 621. Dr. Freed assessed Plaintiff with a GAF[1] score of 55. *Id.*

The Commissioner makes several arguments about why Dr. Freed's evidence should be discounted, including that after-the-fact psychiatric reports are unreliable, that Dr. Freed relied on Plaintiff's self-reporting, which detracts from his opinion because the ALJ found Plaintiff not to be fully credible, and that Plaintiff's GAF score as found by Dr. Freed's is not compelling because GAF scores do not directly correlate to social security mental disorders and because Plaintiff's GAF scores changed over time and with treatment. These are all valid arguments to be considered by the trier of fact when weighing the evidence, but that is not the proper role of the Court. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) ("But, as we reiterate in nearly every case where we are called upon to review a denial of benefits, we are not triers of fact. Credibility determinations are the province of the ALJ."). The cases cited by the Commissioner in support of these arguments are cases in which the ALJ discredited such evidence.

The Court finds that Dr. Freed's report raises "conflicts and ambiguities that are ordinarily resolved by an ALJ." *Gardner v. Colvin*, 2013 WL 3229955, at *13 (D. Or. June 24, 2013). The report conflicts with some of the evidence in the record relied on by the ALJ, and supports some of the evidence that the ALJ may have discounted as otherwise unsupported in the record (such as some of the State agency psychological conclusions). Thus, the record before the Court as supplemented by Dr. Freed's report "includes evidence both supporting the conclusion that Plaintiff is disabled and evidence that she is not. Resolving conflicts and ambiguities in the

---

[1] Global Assessment of Functioning. A GAF score between 51 and 60 reflects "Moderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or co-workers)." American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2000). The Court notes that the GAF scale has been abandoned in the 2013 revision of the *Diagnostic and Statistical Manual of Mental Disorders*.

PAGE 10 – OPINION AND ORDER

record is the ALJ's responsibility, and further administrative proceedings are generally appropriate if the ALJ has not had the opportunity to consider significant additional evidence." *Id.* at \*14 (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) and *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000)).

## C. Remand

Plaintiff's argument that Dr. Freed's opinion should be "credited as true" and this case should be remanded for an award of benefits is rejected. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman*, 211 F.3d at 1178. The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *See id.*

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed only where: "'(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.'" *Id.* (quoting *Benecke*, 379 F.3d at 593). The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). The

PAGE 11 – OPINION AND ORDER

reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (quotation marks and citation omitted).

Here, the credit-as-true doctrine does not apply because the ALJ did not have the chance to consider the evidence, outstanding issues remain to be resolved, and it is not clear from the record that a finding of disability is warranted. Dr. Freed's report is some evidence that Plaintiff may have additional mental limitations, but not conclusive evidence, and there are reasons that the report may ultimately be discounted. Additionally, it is generally not appropriate to remand for an award of benefits based upon evidence that was not before the ALJ. *Harman*, 211 F.3d at 1180 ("While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law. The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to rebut and the VE then may answer questions with respect to the additional evidence."). Accordingly, this case is remanded so that the ALJ may consider the additional evidence of Dr. Freed's report.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff is not disabled and REMANDS this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 25th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge